UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAIME ORTIZ,

        Plaintiff,

vs.                                      CASE NO: 05-cv-141-JES-SPC

JOANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
_____

**REPORT AND RECOMMENDATION[1]**

      This matter comes before the Court on the Plaintiff Jamie Ortiz's Complaint Seeking Review of the Final Decision of the Commissioner of Social Security (Commissioner) denying the Plaintiff's Claim for Disability Insurance (Doc. # 1) filed on April 5, 2005. The Plaintiff filed his Memorandum of Law in Support of the Complaint (Doc. #19) on September 28, 2005. The Commissioner filed her Memorandum of Law in Support of the Commissioner's Decision (Doc. #20) on October 27, 2005. Thus, the Motion is now ripe for review.

      The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and administrative record, and the pleadings and memoranda submitted by the parties in this case

---

[1] This Report and Recommendation addresses only the issues brought up for review by the District Court pursuant to 28 U.S.C. § 405(g).

## FACTS

### *Procedural History*

The Plaintiff filed an application for a period of disability and Disability Insurance Benefits on October 23, 2001. (Tr. 27, 65). The application was denied initially on November 21, 2001 and upon reconsideration on February 1, 2002. On March 25, 2002, the Plaintiff filed a Request for Hearing by Administrative Law Judge. (Tr. 61). On February 24, 2004, a hearing was held before the Honorable Peter Edison, Administrative Law Judge (ALJ). ALJ Edison denied the Plaintiff benefits in a decision dated March 17, 2004. (Tr. 27-32). The Plaintiff filed a Request for Reconsideration to the Appeals Council and submitted supplemental evidence. (Tr. 14-23). The Appeals Council denied the Plaintiffs request for review. (Tr. 6-9). Thus, having exhausted all administrative remedies, the Plaintiff timely filed a Complaint with this Court.

### *Plaintiff's History*

The Plaintiff was sixty-one (61) years of age at the time of the hearing and has a college education. (Tr. 209). The Plaintiff worked as an elementary school principal for twenty-five (25) years until his retirement in August of 1997. (Tr. 209-210). The Plaintiff alleges an onset disability date of August 7, 1997. He continued to meet the insured status requirements through June 30, 2003, making that the Plaintiff's date last insured. (Tr. 27).

### *Medical History*

The Plaintiff presented to Gulf Coast Hospital on February 18, 1998, with the chief complaint of severe tightness, fatigue and swelling in the right wrist with a history of gout. (Tr. 15). The Plaintiff had an elevated glucose level of 499 with a strong history of diabetes, weight loss, and was dehydrated, lightheaded, and nauseated. (Tr. 15). The Plaintiff was admitted to the hospital and

received an injection of Depo-Medrol and Lidocaine to the radial ulnar joint. (Tr. 15).

The Plaintiff first presented to Dr. Rajan Sareen of the Family Medical Clinic on January 18, 2001, with a history of Diabetes Mellitus and Gouty Arthritis. (Tr. 124). Dr. Sareen conducted a physical examination of the Plaintiff. (Tr. 124). The Plaintiff's appearance was unremarkable; pulmonary, neurological and cardiovascular examinations were normal. (Tr. 124). The Plaintiff's gait, coordination, reflexes, motor and sensory functions were normal. The Plaintiff's extremities revealed no clubbing, cyanosis, deformities, edema or varicosities. (Tr. 124). The Plaintiff's psychiatric assessment was normal showing normal mood, orientation, affect and memory. (Tr. 124). Dr. Sareen's assessment was that the Plaintiff's diabetes was improved and the Plaintiff suffered from fatigue, gouty arthritis, positional vertigo, nocturnal frequency. (Tr. 124).

The Plaintiff presented to Dr. Michael M. Jugan for a fracture of the left ankle. On March 24, 2001, Dr. Jugan performed an open reduction and internal fixation of the medial and lateral malleoli. (Tr. 125-126). Post-operative radiographs demonstrate a plate screw fixation of the bimalleollar ankle that was satisfactorily positioned and aligned. (Tr. 127). Dr. Jugan noted that healing was progressing satisfactorily. (Tr. 127). On July 18, 2001, the Plaintiff returned for a second post operative evaluation. (Tr. 127). Dr. Jugan noted that the ankle was doing quite well. (Tr. 127). Dr. Jugan further noted that although the Plaintiff still experiences swelling at the end of the day, he was able to get up and down ladders and walk without any pain. (Tr. 127). He was making good progress and had good range of motion. (Tr. 127). Dr. Jugan released the Plaintiff to resume normal activities. (Tr. 127).

The Plaintiff presented to Dr. Sareen on May 15, 2001 and again on November 12, 2001. (Tr. 122-123). The Plaintiff's medication was Indocin, Humulin, and Avandia. (Tr. 122). Dr. Sareen

made similar findings and lectured the Plaintiff on the importance of modifying his lifestyle, diet, and reducing stress. (Tr. 122).

A state agency medical consultant completed a Residual Functional Capacity (RFC) Assessment on November 7, 2001. (Tr. 130-137). The medical consultant concluded that the Plaintiff can occasionally lift fifty (50) pounds; frequently lift twenty-five (25) pounds; stand or walk for about 6 hours in an 8 hour workday; sit for about 6 hours in an 8 hour workday; with unlimited pushing or pulling. (Tr. 131). A second state agency physician completed an RFC assessment on February 1, 2002 and reached an identical conclusion. (Tr. 138-145).

Dr. Sareen's medical notes from 2002 through 2004, show the Plaintiff complained of occasional episodes of weakness, lightheadedness if he stands up too quickly, and dyspnea. (Tr. 183). He also complained of his big toe on his left foot tingling and going numb and both legs going numb when sitting for a long time. (Tr. 181). Dr. Sareen's diagnosis was that the Plaintiff's diabetes was improved, fatigue, gouty arthritis, positional vertigo, nocturnal frequency, and hyperlipidemia. (Tr. 181). Dr. Sareen also noted the Plaintiff's non-compliance with diet and that he did not want any medication for hyperlipidemia. (Tr. 181). On January 24, 2004, the Plaintiff returned to Dr. Sareen complaining of an episode of gout. (Tr. 180). Dr. Sareen's diagnosis remained the same. He further counseled the Plaintiff regarding modifications of lifestyle. (Tr. 180).

Dr. Sareen completed Medical Evaluation forms in March 2002 and February 2004. (Tr. 165-166, 170-171). Dr. Sareen stated that the Plaintiff's physical activities were substantially limited and indicated that the Plaintiff had severe problems sitting for more than 1 hour, standing for more than 1 hour, walking for more than 1 hour, lifting up to 10 pounds occasionally, bending, stooping, squatting, and reaching. (Tr. 165). The form also indicates that the Plaintiff was required to lie down

during the day. (Tr. 165). Dr. Sareen also stated that the Plaintiff was restricted from simple grasping, pushing and pulling, fine manipulation and had impaired concentration. (Tr. 165). Dr. Sareen repeatedly noted the findings were based upon subjective complaints. (Tr. 165-166, 171).

*Administrative Law Judge's Decision*

Upon consideration of the record, the ALJ found that the Plaintiff met the disability insured status requirements of the Act on August 7, 1997, the alleged onset disability date and continued to meet them through June 30, 2003. (Tr. 31). The ALJ found that the Plaintiff had not engaged in substantial gainful activity since 1997. (Tr. 31). The ALJ determined that the medical evidence established that the Plaintiff has the following "severe" impairments: insulin dependent diabetes mellitus. However, the Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 31). The ALJ concluded that the Plaintiff's allegations of total disability were not credible. (Tr. 31). The ALJ concluded that the Plaintiff retained the residual functional capacity to perform a full range of light work. (Tr. 31). Further, the ALJ found that the Plaintiff's past relevant work did not require the performance of work related activities precluded by the Plaintiff's limitations. 20 C.F.R § 404.1565. The ALJ found that the Plaintiff's severe impairments do not prevent him from performing his past relevant work. (Tr. 31). Furthermore, the Plaintiff was not under a disability as defined in the Social Security Act, at any time through the date of the decision. 20 C.F.R. § 404.1520(e).

**THE STANDARD OF REVIEW**

**A. Affirmance**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and

whether the findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390, 91 S. Ct. 1420, 28 L. Ed 2d 842 (1971).  In evaluating whether a claimant is disabled, the ALJ must follow the sequential inquiry described in the regulations[2].  See 20 C.F.R. §§ 404.1520(a), 404.920(a).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla-*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982)); Richardson, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 585 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.3d 1356,

---

[2] The inquiry requires the ALJ to engage in a five-step analysis, which will either preclude or mandate a finding of disability.  The steps are as follows:
   *Step 1*.  Is the claimant engaged in substantial gainful activity?  If the claimant is engaged in such activity, then he or she is not disabled.  If not, then the ALJ must move on to the next question.
   *Step 2*.  Does the claimant suffer from a severe impairment?  If not, then the claimant is not disabled.  If there is a severe impairment, the ALJ moves on to step three.
   *Step 3*.  Does the claimant's impairment meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  If so, then the claimant is disabled.  If not, the next question must be resolved.
   *Step 4*.  Can the claimant perform his or her former work?  If the claimant can perform his or her past relevant work, he or she is not disabled.  If not, the ALJ must answer the last question.
   *Step 5*.  Can he or she engage in other work of the sort found in the national economy?  If so, then the claimant is not disabled.  If the claimant cannot engage in other work, then he or she is disabled.  See 20 C.F.R. §§404.1520(a)-(f), 416.920(a)-(f); see also Phillips v. Barnhart, 357 F.3d 1232, 1237-40 (11th Cir. 2004); Foote v. Chater, 67 F.3d 1553, 1557 (11th Cir. 1995) (per curiam).

1458 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir 1992) (holding the court must scrutinize the entire record to determine reasonableness of factual findings).

The court "may not decide the facts anew, reweigh the evidence or substitute it's judgment for that of the [Commissioner]."Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If the Commissioner's decision is supported by substantial evidence, it should not be disturbed. Lewis v. Callahan, 125 F. 3d 1436, 1440 (11th Cir. 1997).

### B. Reversal and Remand

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405 (g)(Sentence Four). The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). This Court may reverse the decision of the Commissioner, and order an award of disability benefits, where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). The district court may also remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405 (g); under sentence six of 42 U.S.C. § 405 (g); or under both sentences. Jackson v. Chater, 99 F.3d 1086, 1089 - 92, 1095, 1098 (11th Cir. 1996).

To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Jackson, 99 F.3d at 1090 - 91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's residual functional capacity); Davis, 985 F.2d at 534 (remand to the Secretary is warranted where the ALJ has failed to apply the correct legal standards).  Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. Falcon v. Heckler, 732 F.2d 827, 830 (11th Cir. 1984). (remand was appropriate to allow ALJ to explain the his basis of his decision).

On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence upon a showing that there is new evidence which is material and that there was good cause for the failure to incorporate such evidence into the record during a prior proceeding. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983)(finding ALJ error and remanding to consider psychiatric evaluation); Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (remanding on the grounds that it is reversible error for the ALJ not to order a consultative examination when warranted). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. Jackson, 99 F.3d at1095.

In contrast, a sentence-six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. Jackson, 99 F.3d at 1095. Sentence six of § 405 (g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to

incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405 (g) (sentence six). To remand under sentence six, the claimant must establish: 1.) that there is new, non-cumulative evidence; 2.) that the evidence is material — relevant and probative so that there is a reasonable possibility that it would change the administrative result; and 3.) there is good cause for failure to submit the evidence at the administrative level.  Jackson, 99 F.3d at 1090 - 92; Keeton v. Dept. of Health and Human Serv., 21 F.3d 1064, 1068 (11th Cir. 1994).  With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. Jackson, 99 F.3d at 1095. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.[3] Id.

## **DISCUSSION**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416 (I), 423 (d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423 (d)(2); 20 C.F.R. §§404.1505 - 404.1511.

The Plaintiff argues that the ALJ erred in his decision as follows: (1) the ALJ failed to find

---

[3]The time for filing an application for attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ["EAJA"] differs in remands under sentence four and sentence six. Jackson, 99 F.3d at 1089, 1095 n.4 and surrounding text. In a sentence-four remand, the EAJA application must be filed after the entry of judgment before the district court loses jurisdiction. Id. In a sentence-six remand, the time runs from the post-remand entry-of-judgment date in the district court. Id.

that his gouty arthritis is a severe impairment; (2) the ALJ failed to accord the treating physician appropriate weight; (3) the ALJ failed to consider the side effects of the Plaintiff's medications; (4) the ALJ's credibility finding was not based upon substantial evidence; (5) the ALJ failed to discuss the mental and physical demands of the Plaintiff's previous occupation as a school principal. The Defendant argues that the ALJ's decision was supported by substantial evidence in the record.

### (*1) Whether the ALJ Erred by not Finding that the Plaintiff's Gouty Arthritis was a Severe Impairment*

At the second step in the evaluation process, the ALJ is to "consider the medical severity of the [Plaintiff's] impairments. 20 C.F.R. § 404.1520(a)(4)(ii). When considering the severity of the claimant's medical impairments, the ALJ must determine whether the impairments, alone or in combination, "significantly limit" the claimant's "physical or mental ability to do basic work skills." Phillips v Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing C.F.R. § 404.1520©)).

At the second step, the Plaintiff bears the burden of proof that he suffers from a severe impairment or combination of impairments. Gibbs v. Barnhart, 156 Fed. Appx. 243, 246 (11th Cir. 2005). An impairment or combination of impairments is not severe if it "does not significantly limit [the plaintiff's] physical or mental ability to do basic work activities," including: (1) "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; (2) "[c]apacities for seeing, hearing, and speaking;" (3) "[u]nderstanding, carrying out, and remembering simple instructions;" (4) "[u]se of judgment;" (5) "[r]esponding appropriately to supervision, co-workers and usual work situations;" and (6) "[d]ealing with changes in a routine work setting." Id. (citing 20 C.F.R. § 404.1521(a),(b)).

Where a claimant has alleged several impairments, the Commissioner has a duty to consider

10

the impairments in combination and to determine whether the combined impairments render the claimant disabled. Jones v Department of Health and Human Services, 941 F.2d 1529, 1533 (11th Cir. 1991). An ALJ properly considers the Plaintiff's impairments in combination if he states that the Plaintiff does not have an impairment, or combination of impairments of sufficient severity to prevent him from engaging in any substantial gainful activity. Gibbs, 156 Fed. Appx. at 246 (citing Wheeler v Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986)).

Here the ALJ found that the Plaintiff's diabetes mellitus was a severe impairment under the second step. However, regarding the Plaintiff's allegation of gouty arthritis the ALJ stated:

> It is noted that although the claimant complained of chronic leg pains due to gout the claimant is not taking prescribed pain medications. Based upon the evidence and the testimony at the hearing, the undersigned Administrative Law Judge is convinced that the claimant has some discomfort. However, the claimant's allegations are exaggerated and not credited to the degree that the claimant would be precluded from all work related activities. (Tr. 30)

The ALJ further stated that the Plaintiff "has no impairment or combination of impairments which equals the criteria of any of the listed impairments described in Appendix 1 of the Regulations (20 C.F.R. Part 404, Subpart P, Appendix 1). 20 C.F.R. § 404. 1520(d). (Tr. 28). Thus, the ALJ considered the Plaintiff's gouty arthritis individually and in combination with other impairments and determined that it was not severe enough to prevent him from engaging in any substantial gainful activity.

### *(2) Whether the ALJ Failed to Accord the Treating Physician Appropriate Weight*

Substantial weight must be given to the opinion, diagnosis, and medical evidence of a treating physician unless there is good cause to do otherwise. 20 C.F.R. § 404.1527 (d); Lewis, 125 F.3d at 1439 - 1441; Sabo v. Commissioner of Social Security, 955 F.Supp. 1456, 1462 (M.D. Fla. 1996).

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527 (d)(2).

The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence, supports a contrary finding, or is wholly conclusory. Edwards v. Sullivan, 937 F.2d 580, (11th Cir. 1991) (ALJ properly discounted treating Physician's report where the physician was unsure of the accuracy of his findings and statements); Morrison v. Barnhart, 278 F. Supp. 1331, 1334 (M.D. Fla. 2003). Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. Schnor v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987); Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).

When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical issues at issue; (6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527 (d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. 20 C.F.R. § 404.1527 (d)(2); Wilson v. Heckler, 734 F.2d 513, 518 (11th Cir.1984). Furthermore, should the ALJ discount the treating physician's opinion he must clearly articulate the reasons for giving less weight to the opinion, and failure to do so is reversible error. Morrison, 278 F. Supp. at1334.

12

The ALJ is required to review all of the medical findings and other evidence that supports a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527 (e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the providence of the Commissioner. 20 C.F.R. § 404.1527 (e).

The Plaintiff argues that the ALJ did not give appropriate weight to Dr. Rajan Sareen, M.D. the Plaintiff's primary treating physician. However, in his decision the ALJ stated:

> [m]edical records from Rajan Sareen, M.D., the claimant's primary treating physician, show that the claimant is insulin dependant and compliant with his medications. Physical examinations have been essentially within normal limits. The claimant's diabetes is stable with his medication therapy. . . . On March 12, 2002, Dr. Sareen completed a medical evaluation form stating that the claimant was limited in his physical abilities, but that these were considered "subjective" based on the claimant's reports to him if his symptoms. The evidence does not show that the claimant had any end organ damage from his diabetes through June 30, 2003, the date he last met the insured status requirements for disability.

(Tr. 29). The ALJ went on to state that he "gave considerable weight to the reports by treating physician Dr. Sareen that state that the claimant's physical examinations have been essentially within normal limits." (Tr. 30).

Moreover, Dr. Sareen's medical notes are in line with the opinion of Dr. Michael Jugan. Dr. Jugan treated the Plaintiff for his broken ankle. (Tr. 28). In his decision, the ALJ noted that on May 1, 2001, Dr. Jugan stated that the claimant healed well, had good range of motion of the ankle, noted

that the Plaintiff was neurologically intact, and reported that the Plaintiff could move up and down a ladder without pain. (Tr. 28). Dr. Jugan released the Plaintiff to regular activities. (Tr. 28). Similarly, after a physical examination Dr. Sareen opined that the Plaintiff's gait was normal and that he had full range of motion in all his joints. (Tr. 28).

The ALJ specifically noted that any limitations considered by Dr. Sareen were considered "subjective" even by Dr. Sareen. (Tr. 30). Here, impairments were found that contradicted Dr. Sareen's own medical notes and the opinion of the Plaintiff's other treating physician Dr. Jugan. An ALJ does not have to accord great weight to a treating physician's opinion where it is conclusory or inconsistent with the doctor's own medical records. Johnson v. Barnhart, 138 Fed. Appx. 266, 270 (11th Cir. 2005). Thus, the ALJ did not err by rejecting Dr. Sareen's subjective diagnosis because he relied on Dr. Sareen's treatment records and the treatment records of Dr. Jugan.

### (3) Whether the ALJ Failed to Consider the Side Effects of the Plaintiff's Medications

The type, dosage, effectiveness, and adverse side-effects of any pain medication comprise one of several factors which may be considered by the ALJ in evaluating a Plaintiff's credibility. 20 C.F.R. § 404.1529(c)(3).[4] The Plaintiff states that the ALJ failed to consider the effects of the Plaintiff's medications on his ability to return to his past relevant work.

In his decision, the ALJ noted that he was required to give "careful consideration to all avenues presented that relate to such matters as: . . . 3. [t]ype, dosage, effectiveness, and adverse side-effects of any pain medications." (Tr. 29). In this instance, the ALJ stated that he did not have

---

[4]The other factors that may be considered are: (1) [t]he nature, location, onset, duration, frequency, radiation, and intensity of any pain; (2) [p]recipitating and aggravating factors (e.g. movement, activity, environmental conditions); (3) [t]reatment, other than medication, for relief of pain; (4) [f]unctional restrictions; and (5) [t]he claimant's daily activities. 20 C.F.R. § 404.1529.

any evidence that the Plaintiff was taking any pain medications which may have caused the alleged side-effects. (Tr. 30). However, the record states that the Plaintiff is taking Indocin. (Tr. 122). Indocin is a non-steroidal anti-inflammatory drug used to relieve some symptoms caused by arthritis (rheumatism), such as inflammation, swelling, stiffness, and joint pain. U.S. National Library of Medicine and the National Institutes of Health, *Medline Plus* <www.nlm.nih.gov/medlineplus/druginfo/uspdi/202743.html> (accessed March 23, 2006). Indocin is also used to relieve other kinds of pain or to treat other painful conditions, such as gout attacks. Id.

Therefore, based on the record the ALJ erred when he stated that the Plaintiff was not taking any pain medications and, thus, he erred by not taking into consideration the possible side effects caused by his use of Indocin.

*(4) Whether the ALJ's Credibility Finding was Based upon Substantial Evidence*

Pain is a non-exertional impairment. Id. at 1559. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g. medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423 (d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard." Foote, 67 F.3d at 1560.

The pain standard requires (1) evidence of an underlying medical condition and either (2)

objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Pain alone can be disabling, even when its existence is unsupported by objective evidence, Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423 (d)(5)(A).

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Foote, 67 F.3d at 1561-62; Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Hale v. Bowman, 831 F.2d 1007, 1012 (11th Cir. 1987); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986). As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. Foote, 67 F.3d at 1561-62; Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d at 1562 (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir.1983) (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court).

The Plaintiff argues that the ALJ is wrong regarding his determination that the Plaintiff is not taking any prescription medications for pain. As noted above, the record indicates that the Plaintiff is taking Indocin which is an anti-inflammatory drug used for pain in individuals that have gout attacks. The Plaintiff's medical records clearly indicate that he has gout. Gout is a condition that can cause pain. The ALJ's erroneous conclusion that Plaintiff was not taking any pain medications indicates that the ALJ did not fully address the Plaintiff's subjective complaints of pain. Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Foote, 67 F.3d at 1561-62. Here the ALJ rejects the Plaintiff's subjective complaints about pain based upon the erroneous assumption that the Plaintiff is not taking any pain medications. Therefore, based on the ALJ's omission, the Court must conclude that the ALJ failed to specifically articulate his rationale for rejecting the Plaintiff's subjective pain requests. Thus, the Court respectfully recommends that the case be remanded for reconsideration of the Plaintiff's subjective complaints of pain.

### *(5) Whether the ALJ Failed to Discuss the Mental and Physical Demands of the Plaintiff's Previous Occupation as a School Principal*

Pursuant to the Code of Federal Regulations, the ALJ must consider the Plaintiff's residual functional capacity (RFC) and the physical and mental demands of his past relevant work. 20 C.F.R. § 404.1520(e). The RFC is an assessment which is based upon all the relevant evidence of a claimant's remaining ability to do work despite his impairments. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)). The determination of RFC is within the authority of the ALJ and along with the Plaintiff's age, education, and work experience the RFC is considered in determining whether the claimant can work. Lewis, 125 F.3d at 1440 (citing 20 C.F.R.

§ 404.1520(f)). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the providence of the Commissioner. 20 C.F.R. § 404.1527 (e).

The Plaintiff argues that the ALJ failed to discuss the duties of his past relevant work as an elementary school principal other than stating that this work is classified in the Dictionary of Occupational Titles as job #099.117-018, and is light in exertion. The Plaintiff argues that the ALJ is required to provide adequate documentation of past relevant work that includes factual information about the work's demands which have bearing on the medically established limitations. The Plaintiff further states that the detailed information must be obtained and should include information regarding strength, endurance, manipulative ability, mental demands and other job requirements. The Plaintiff's argument appears to allude to the fact that the ALJ must obtain the relevant information listed above. However, the Plaintiff bears the burden of proving he cannot meet the physical and mental demands of his past relevant work, either as he performed it in the specific past employment or as the work is generally performed in the national economy. Paige vs. Apfel, 2001 WL 936198 (S.D. Ala. 2001) (citing Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986)). If a Social Security claimant "can still do [the] kind of work" he has done in the past, he will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e) (1986); Jackson v. Bowen, 801 F.2d at 1293.

In his decision regarding the Plaintiff's ability to return to his past relevant work, the ALJ stated:

> Consideration must be given to the question of whether the claimant retains

18

>the residual functional capacity to return to his past relevant work. Social Security Ruling 82-62 (C.E. 1982) directs that the residual functional capacity to meet the physical and mental demands of jobs a claimant has performed in the past, either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy, is generally a sufficient basis for a finding of "not disabled." (Emphasis added). The claimant must show the inability to do the type of work performed in the past, not merely the specific job he or she held. Jackson v. Bowen, 801 F.2d 1291 (11th Cir. 1986).
>
>The claimant's past work as a school principal, that is listed in the Dictionary of Occupational Titles, (DOT), Fourth Edition, Revised 1991, as occupational code 099.117-018 is classified at the light exertion level. The undersigned finds that the claimant's residual functional capacity is consistent with the physical and mental demands of his past relevant work.

(Tr. 30-31).

In reaching his decision, the ALJ relied on the medical records of Dr. Sareen and Dr. Jugan, as well as the opinions of two State Agency medical consultants who both opined that the Plaintiff was able to perform a full range of medium work. (Tr. 30). The evidence the Plaintiff put forth validating his claim mainly consisted of the RFC determination by Dr. Sareen, who stated that those findings were purely subjective based upon the Plaintiff's reports of his symptoms. (Tr. 30). Otherwise, the ALJ noted that Dr. Sareen's diagnosis found that the Plaintiff's physical examinations were essentially within normal limits and further according to Dr. Jugan that the Plaintiff could return to his normal routine. (Tr. 30). Thus, the ALJ found that the Plaintiff was capable of performing a full range of light work. (Tr. 30).

Moreover, the Plaintiff presented no medical evidence relating to his mental ability other than his own subjective statements that his medicine made him drowsy and tried. Thus, the ALJ made a sufficient findings of fact, based upon the evidence provided by the Plaintiff, to substantially support his RFC determination that the Plaintiff could return to his past relevant work.

19

Accordingly it is hereby

**RECOMMENDED:**

Pursuant to 42 U.S.C. § 405(g) sentence four, the Final Decision of the Commissioner should be **REMANDED** to the Commissioner for the Following Determinations:

(1) The Commissioner shall consider the side-effects of the Plaintiff's medications specifically the side-effects of Indocin on the Plaintiff's ability to return to his past relevant work as an Elementary School Principal.

(2) The Commissioner shall evaluate and determine whether or not to credit the Plaintiff's testimony about pain. If after further review, the Commissioner should determine that the Plaintiff's subjective complaints of pain or any other subjective complaints are not credible then, the Commissioner must articulate specific and adequate reasons for rejecting the Plaintiff's credibility in accord with the Eleventh Circuit's pain/credibility standard found in <u>Holt v. Sullivan</u>, 921 F.2d 1221, 1223 (11th Cir. 1991).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RESPECTFULLY RECOMMENDED** Fort Myers, Florida, this __24th__ day of March, 2006.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: Counsel of record, MJCD