UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAIME ORTIZ,

                Plaintiff,

vs.                                    Case No.  2:05-cv-141-FtM-29SPC

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on plaintiff's Consent Petition for Attorney Fees (Doc. #24), filed on May 3, 2006. Plaintiff certifies that the Commissioner does not oppose the request for fees.

     Plaintiff in this cause sought judicial review of the final decision of the Commissioner of Social Security of the Social Security Administration (the Commissioner) denying his claim for a period of disability and Disability Insurance Benefits.  On April 13, 2006, the Court entered an Opinion and Order (Doc. #22) accepting and adopting the Magistrate Judge's Report and Recommendation (Doc. #21), reversing and remanding the case to the Commissioner pursuant to sentence four, and directing the entry of judgment.  Judgment (Doc. #23) was entered on April 14, 2006.

**A.   Entitlement To Fees and Expenses**:

     In order for plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA), the following five (5)

conditions must be established:  (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner, INS v. Jean, 496 U.S. 154, 158 (1990).

The Court finds that all conditions for the EAJA fees have been satisfied and the Commissioner does not otherwise object to Plaintiff's establishment of any of the above conditions.

**B. Calculation of Reasonable Attorney Fees:**

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988), aff'd 496 U.S. 154 (1990).  The resulting fee carries a strong presumption that it is the reasonable fee. City of Burlington v. Dague, 505 U.S. 557, 562 (1992).  Plaintiff seeks a total of $3,990.00 in attorney fees for 25 hours of work in 2005 and 2006, at a rate of $159.60 an hour.

**(1)  Hourly Rate:**

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour

unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125, the Court determines whether to adjust the hourly rate. Meyer v. Sullivan, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff requests attorney fees at an hourly rate of $159.60 for attorney Carol Avard and attorney Sarah H. Bohr. The Court finds that the hourly rate is reasonable in light of the current Consumer Price Index (CPI), and the government does not object to the rate.

**(2)  Reasonable Number of Hours:**

Plaintiff seeks compensation for 25 hours for two attorneys. After reviewing the description of the services provided, the Court concludes that the time is reasonable and properly compensable.

**C.  Costs:**

Plaintiff seeks costs in the amount of $150.00 and expenses in the amount of $13.95 for the filing fee. The EAJA provides that "fees and other expenses" must be awarded the prevailing party

absent a substantially justified government position.  28 U.S.C. § 2412(d)(1)(A).  A prevailing party in a civil action also may be awarded costs as delineated by 28 U.S.C. § 1920.  "Fees and other expenses" under the EAJA include those costs ordinarily billed to a client.  Jean v. Nelson, 863 F.2d at 776-78.  Therefore, the Court will allow the $13.95 expense requested by plaintiff.

As the filing fee is a allowable cost under §1920, the Court will tax the $150.00 filing fee.  See also 28 U.S.C. § 1914; Eagle Ins. Co. v. Johnson, 982 F. Supp. 1456 (M.D. Ala. 1997), aff'd, 162 F.3d 98 (11th Cir. 1998); Royal Palace Hotel Assocs., Inc. v. Int'l Resort Classics, Inc., 178 F.R.D. 595 (M.D. Fla. 1998).

Accordingly, it is now

**ORDERED:**

1.  Plaintiff's Consent Petition for Attorney Fees (Doc. #24) is **GRANTED.**

2.  Attorney fees in the amount of **$670.32** for Carol Avard and **$3,319.68** for Sarah H. Bohr; costs in the amount of **$150.00**; and expenses in the amount of **$13.95,** shall be awarded to Plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2142(d).

3.   The Clerk shall enter an Amended Judgment accordingly.

**DONE AND ORDERED** at Fort Myers, Florida, this ___15th___ day of May, 2006.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge